IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ARTHUR BOWMAN, | ) | |
| | ) | |
| v. | ) | Case No. 3:07-0417 |
| | ) | Judge Campbell/Bryant |
| SKYVIEW APARTMENTS, ET AL. | ) | |

To: The Honorable Todd J. Campbell, Chief Judge

## REPORT AND RECOMMENDATION

Pending before the court is a motion submitted by defendants First Cumberland Properties, Inc. ("FCP"),[1] Margaret "Maggie" Harrell ("Harrell"), Sarah Chambers ("Chambers"), and Jimmy Bryant ("Bryant") to dismiss portions of the complaint against them for failure to state a claim upon which relief can be granted. (Docket Entry No. 24). For the reasons stated below, the undersigned hereby **RECOMMENDS** that defendants' motion be **GRANTED,** and that the portions of the complaint referenced below be **DISMISSED WITH PREJUDICE** with respect to these defendants.

### Procedural History

**The Complaint.** Plaintiff Arthur Bowman, proceeding *pro se*, fundamentally alleges that the defendants unlawfully evicted him from Skyview Apartments in violation

---

[1] Although the complaint names "Skyview Apartments" as a defendant and service of process was accepted in the name of Skyview Apartments, First Cumberland Properties operates the multi-family housing development known as Skyview Apartments, employs the individual defendants Harrell, Chambers and Bryant, and has defended the claims against Skyview Apartments at all points in this litigation, beginning with its corporate disclosure as "First Cumberland Properties, Inc., doing business as Skyview Apartments" (Docket Entry No. 12). Nonetheless, it appears that the owner of the apartments, Skyview Apartments, LP, has also been properly sued and served, and the undersigned has recommended the denial of FCP's motion to eliminate all references to Skyview Apartments. For purposes of the instant Report and Recommendation, however, the recommendation to dismiss those of plaintiff's claims which plainly have no merit would not change, regardless of the entity or entities on whose behalf the motion is made.

1

of federal, state, and local laws. (Docket Entry No. 1). Although the complaint is inartfully drafted, the following factual allegations are clear from the text of the complaint. Plaintiff claims that Defendant Valerie Waters-Smith, with either the approval or apparent knowledge of Defendants Chambers and Harrell, had plaintiff arrested and charged with assault on or around May 22, 2006. *Id.* Plaintiff further alleges that the defendants knew that the allegation of assault was untrue, but that they used the assault charges as a pretext to evict plaintiff. *Id.*

Two days after plaintiff was arrested and charged with assault, defendants' attorney sent plaintiff a letter informing him that he was in violation of his lease agreement because he was a "threat to the health and safety of other tenants." *Id.* Plaintiff indicates that although the letter was sent to the correct address, the recipient of the letter was indicated as "Arthur Brown" instead of Arthur Bowman. *Id.* Plaintiff alleges that this was done purposely to make it appear as if plaintiff had a criminal record because plaintiff has knowledge of someone named Arthur Brown who is a convicted felon. *Id.* Finally, as a result of eviction proceedings instituted against plaintiff by defendants, plaintiff's belongings were placed in the street causing him great inconvenience, embarrassment, and humiliation. In sum, the plaintiff alleges that these actions on the part of defendants constitute a conspiracy to have the plaintiff wrongfully evicted. *Id.*

Plaintiff also alleges that Defendant Sarah Chambers allowed Defendant Valerie Waters-Smith to access the plaintiff's personal files, and that Ms. Waters-Smith used this information to have the plaintiff arrested. *Id.* Plaintiff further alleges that this was merely one incident in a pattern of such activity and that Ms. Waters-Smith has been

2
Case 3:07-cv-00417    Document 53    Filed 08/22/07    Page 2 of 13 PageID #: 329

granted access to the personal files of at least ten other tenants and used the information contained therein to cause the evictions and/or arrests of these tenants.

Plaintiff also appears to allege that defendants breached their duties towards him while he was a resident at the Skyview Apartments by failing to act against another tenant after plaintiff notified the apartment managers of multiple violations of House Rules. *Id.* Plaintiff indicates that both he and his mother were subjected to intimidation, abuse, and life-threatening circumstances by other tenants, and that this treatment was intensified when defendants disclosed to other tenants that plaintiff had complained to management.

Plaintiff also alleges that the defendants "crossed wired" his mother's phone in order to record her telephone calls surreptitiously, and that defendant Jimmy Bryant delivered these recordings to the office of Skyview Apartments. *Id.* Furthermore, plaintiff alleges that another resident changed the plaintiff's mailing address without plaintiff's knowledge or permission, and that his mail has been actively intercepted as a result of these activities. Plaintiff further alleges that the defendants have also intercepted plaintiff's mail in order to gather information on what Plaintiff and his attorney were going to do in the prior eviction proceedings.

Plaintiff also alleges that defendants failed to follow the proper HUD rules and regulations while plaintiff was under eviction proceedings by failing to give the plaintiff proper "Recertification Notice" within the appropriate time frame. *Id.* Additionally, plaintiff argues that defendants' attorney in the eviction proceedings violated plaintiff's civil and constitutional rights as a result of certain provisions in a July 27, 2006 agreement settling those proceedings. Furthermore, plaintiff alleges that the defendants

3

failed to return plaintiff's security deposit after several written requests for the deposit and that the defendants overcharged plaintiff for his pro rata rent for the final month he resided in the Skyview Apartments.

Further, plaintiff alleges that defendants provided unnamed persons with keys to plaintiff's apartment without his permission. *Id.* Plaintiff alleges this unauthorized entry led to the theft of valuable items, vandalism in the form of urination upon the plaintiff's furniture and carpets, and the placement of presumably harmful chemicals in the plaintiff's clothing. Plaintiff also claims the intruders purposefully set off the plaintiff's alarm in order to lure the plaintiff into his apartment so they could do him bodily harm.

Lastly, plaintiff alleges that he was unable to report the numerous allegedly unlawful activities to authorities because the police were friends and relatives of the defendants and as a result would either refuse to help the plaintiff or would simply worsen the situation. *Id.*

Consequently, plaintiff demands: (1) monetary compensation for his actual damages and his emotional damages in the form of humiliation, intimidation, abuse, and pain and suffering; (2) that the defendants pay the Federal Government a civil penalty "to vindicate the public interest"; (3) that the court grant permission for current and former residents of Skyview Apartments to file a class action lawsuit against the defendants; (4) that the court issue an injunctive order halting HUD and Tennessee Housing Development Authority disbursements to the defendants; and (5) attorneys' fees and costs.[2]

---

[2] Given that plaintiff proceeds *pro se* and *in forma pauperis* in this action, the undersigned assumes that plaintiff seeks to recover his attorneys' fees and costs incurred during his eviction proceedings, though this is not specified by plaintiff in the complaint.

**Defendants' Motion to Dismiss.** Defendants FCP, Harrell, Chambers, and Bryant have filed a motion to partially dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry No. 24). In support of their motion, defendants argue that plaintiff fails to state a claim upon which relief can be granted with respect to the following: (1) claims under 42 U.S.C. § 1983 and the 14th Amendment to the U.S. Constitution; (2) claims under Tenn. Code Ann. §§ 39-17-309, 39-11-402, and 39-11-403; (3) claims under 42 U.S.C. §§ 703 and 704; (4) claims under 42 U.S.C. § 2000e-2; (5) claims under Tenn. Code Ann. § 40-35-111; (6) claims under Tenn. Code Ann. § 47-25-1101 *et seq.*; (7) claims under 5 U.S.C. § 552(a); (8) claims under the Privacy Protection Act of 1988; (9) claims under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA")[3]; (10) claims under 28 U.S.C. § 534; and (11) claims under 42 U.S.C. § 3544. *Id.* Underlying many of defendants' arguments for dismissal is the assertion that the statutes cited by plaintiff either provide no private right of action or that plaintiff lacks standing to pursue a claim under the provisions cited.[4]

---

[3]Plaintiff repeatedly refers to violations of the "HIPP" laws in the complaint and in his response to the motion to dismiss. The undersigned shares the defendants' assumption that the plaintiff intends to state a claim under HIPAA.

[4]The asserted lack of standing is argued pursuant to Rule 12(b)(1) as a basis for finding a lack of subject matter jurisdiction over any employment-related claims asserted by plaintiff on behalf of an employee of FCP, and any claim as to the range of punishment available to state judges in criminal sentencing. While the undersigned does not disagree with defendants' arguments related to plaintiff's lack of standing, it appears that plaintiff has done no more in his complaint than cite the statutes which implicate the claims which defendants argue he lacks standing to pursue; there are no factual allegations which correspond to the actual assertion of claims relating to employment discrimination or criminal sentencing. Accordingly, it is enough that the citation of these two statutes is found to be frivolous and properly dismissed for failure to state a claim, *infra* at 9-10.

Plaintiff has submitted an unsigned response to defendants' motion to dismiss consisting entirely of clarifications of the federal, state, and local statutes under which the plaintiff wishes to pursue his claims. (Docket Entry No. 33). Other than generally stating that many of the claims defendant seeks to dismiss are also covered by the Civil Rights Act of 1964, as amended, this response contains essentially no refutation of the legal arguments contained in defendants' motion. *Id.* More recently, plaintiff has filed what appears to be a general objection to defendants' legal arguments (Docket Entry No. 57).

## Analysis

Plaintiff proceeds *pro se.* (Docket Entry No. 1). *Pro* se complaints are to be construed liberally, *Boag v. MacDougall,* 454 US. 364, 365 (1982), but courts have not been willing to abrogate basic pleading essentials in *pro se* suits. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). In particular, *Wells* provides that *pro se* plaintiffs are required to provide a plain statement of the grounds for relief such that the court must not guess as to the factual circumstances that led to the complaint. *Id.*

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court is obligated to accept as true all allegations in the complaint, and to construe the complaint liberally in favor of the party opposing the motion. *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995). To survive a motion to dismiss, "[the] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Caldwell v. Rowland,* 932 F.Supp. 1018, 1020 (E.D. Tenn. 1996) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)). The essential elements of the plaintiff's claim "must be alleged in more than

vague and conclusory terms." *Foundation for Interior Design Educ. Research v. Savannah Coll. of Art & Design,* 244 F.3d 521, 530 (6th Cir. 2001). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen,* 411 F.3d 712, 716 (6th Cir. 2005).

**Claims under 42 U.S.C. § 1983 and the 14th Amendment.** "To state a claim for relief in an action brought under § 1983, [plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). Like the state-action requirement of the Fourteenth Amendment, the "under color of state law" element of a § 1983 claim serves to exclude merely private conduct from the reach of the statute, even if that conduct is discriminatory or wrongful. *Id.*

Plaintiff does not allege that any of the defendants are state actors or that there is any nexus between the defendants and the state. Thus, to the extent that plaintiff wishes to assert claims against defendants for actions under state law, he has failed to properly state a claim. Plaintiff's response, however, indicates that he is not seeking to state a claim under § 1983 and so this portion of the partial motion to dismiss is most likely moot.

**Claims under Tenn. Code. Ann. §§ 39-17-309, 39-11-402 and 39-11-403.** Plaintiff specifically refers in his complaint to Tenn. Code Ann. §§ 39-17-309, 39-11-402 and 39-11-403. (Docket Entry No. 1). Respectively, these provisions of Tennessee law constitute a criminal prohibition against civil rights intimidation, the establishment of criminal responsibility for the conduct of others in select situations, and the provision

7

that a person is criminally responsible for facilitating the commission of a felony.
Generally, such criminal statutes are not construed as implying any private right of action
for money damages, unless they are intended to protect a particular class of people (of
which the plaintiff is a member), rather than the general public. *Owens v. Univ. Club of
Memphis*, 1998 WL 719516, at *10-11 (Tenn. Ct. App. Oct. 15, 1998). It does not
appear that §§ 39-11-402 or -403 have ever been held to imply a private right of action.
Likewise, the defense correctly points out that the Tennessee courts have specifically
found no implied private right of action within § 39-17-309. *Bowden Building
Corporation v. Tennessee Real Estate Commission,* 15 S.W.3d 434, 447 (Tenn. Ct. App.
1999). However, the defense fails to observe that the Tennessee legislature explicitly
created a civil cause of action for malicious harassment in relation to § 39-17-309's
intimidation provisions. Tenn. Code Ann. § 4-21-701; *see Washington v. Robertson
County,* 29 S.W.3d 466, 471-73 (Tenn. 2000).

The elements of a civil malicious harassment action under § 4-21-701 are derived
from the criminal offense of civil rights intimidation, and require both that the defendants
acted maliciously and that the defendants intimidated the plaintiff "from the free exercise
or enjoyment of a constitutional right by injuring or threatening to injure or coercing
another person or by damaging, destroying or defacing any real or personal property of
another person." *Id.* at 473. At first blush, plaintiff appears to assert a *prima facie* claim
in that he alleges that defendants acted out of malice in allowing intruders to enter his
apartment where destruction and defacement of plaintiff's personal property occurred.
However, case law interpreting this creation of a civil remedy for malicious harassment
indicates that in order to state a claim under § 4-21-701, a plaintiff must allege that the

8

defendant was motivated by the plaintiff's race, color, ancestry, religion or national origin, i.e., the classes protected under § 39-17-309. *Levy v. Franks*, 159 S.W.3d 66, 80-81 (Tenn. Ct. App. 2004).

On this point, plaintiff appears to allege some level of animus on the part of the defendants as a result of plaintiff's disability. Although many statutes prohibiting the mistreatment of the disabled exist, the Tennessee courts have clearly indicated that a plaintiff fails to state a claim under § 4-21-701 when he claims the harassment was based on disability. *Parr v. Middle Tennessee State Univ.,* 1999 WL 1086451, at *4 (Tenn. Ct. App. Dec. 3, 1999). Consequently, plaintiff fails to state a claim upon which relief can be granted under these statutes.

**Claims under 42 U.S.C. §§ 703 and 704.** Plaintiff cites 42 U.S.C. §§ 703 and 704, which are administrative laws limiting each state's use of money provided by the federal government for health services and the rights of the state with regards to such money. *See* 42 U.S.C. §§ 703, 704. There is nothing in these statutes to suggest that Congress sought to create a private cause of action by enacting these laws, and when the text and structure of a statute provide no indication that Congress intends to create new rights the court should not imply a basis for a private suit. *Gonzaga University v. Doe*, 536 U.S. 273 (2002). As a result, this portion of plaintiff's claim must be dismissed.

**Claims under 42 U.S.C. § 2000e-2.** Plaintiff cites 42 U.S.C. § 2000e-2 as one basis for his suit against defendants. (Docket Entry No. 1). However, this statute exclusively concerns unlawful employment practices. *See* 42 U.S.C. § 2000e-2. Plaintiff fails to allege that he was employed by any of the defendants, or that he is properly

9

bringing this suit on behalf of another party who was an employee of the defendants, and is thus unable to state a claim under 42 U.S.C. § 2000e-2.

**Claims under Tenn. Code Ann. § 40-35-111.** Plaintiff cites Tenn. Code Ann. § 40-35-111 in his complaint,[5] which contains the sentences and fines available to judges when sentencing for a felony or misdemeanor. This statute creates no private right of action and is seemingly completely irrelevant to this case. As a result, no viable claim is stated by plaintiff's mere citation to this statute.

**Claims under Tenn. Code Ann. § 47-25-1101 *et seq.*** Plaintiff cites the portion of the Tennessee Code generally known as the Personal Rights Protection Act of 1984. These provisions are generally designed to protect individuals from the unauthorized use of their name, photograph or likeness for commercial purposes or gain by others. *See* Tenn. Code Ann. § 47-25-1101 *et seq.* Plaintiff's complaint alleges no set of facts that indicate that any defendants has infringed upon his property rights in his name, photograph, or likeness and thus fails to state a claim under the Personal Rights Protection Act.

**Claims under 5 U.S.C. § 552a.** The Privacy Act of 1974 protects individuals from the dissemination and disclosure of information regarding an individual's education, financial transactions, medical history and criminal or employment history. *See* 5 U.S.C. § 552a. Although plaintiff's complaint includes allegations that defendants allowed unauthorized persons access to plaintiff's confidential files, 5 U.S.C. §

---

[5]In response to several of the defendants' arguments to dismiss portions of plaintiff's complaint based on specific provisions of the Tennessee Code, plaintiff frequently argues that he is basing his claim not on the "T.C.A." but instead on the "T.E.A." Despite consultation with several sources, the undersigned is simply unable to determine exactly which statutes the plaintiff is attempting to reference. Therefore, this Report and Recommendation deals with the statutes cited by plaintiff in relation to their locations in the Tennessee Code.

10
Case 3:07-cv-00417    Document 53    Filed 08/22/07    Page 10 of 13 PageID #: 337

552a(g)(1) indicates that the Privacy Act of 1974 does not provide a cause of action against private individuals. "The private right of civil action created by the Privacy Act of 1974 is specifically limited to actions against agencies of the United States; therefore, the civil remedy provisions of the statute do not apply against private individuals, state agencies, private entities, or state and local officials." *Unt v. Aerospace Corp.,* 765 F.2d 1440 (9th Cir. 1985); *see also Morpurgo v. Board of Higher Education,* 423 F.Supp. 704, 714-15, n.26 (S.D.N.Y. 1976). Defendants are not agencies, employees, or representatives of the United States Government and thus the plaintiff fails to state a claim upon which relief can be granted under this section.

**Claims under the Privacy Protection Act of 1988 (Public Law No. 100-503).**
This amendment to 5 U.S.C. § 552a, known as the "Computer Matching and Privacy Protection Act of 1988," requires federal agencies to enter into written agreements with other agencies or nonfederal entities before disclosing records for use in computer matching programs. *See* Pub.L. 100-503. This act applies only to federal agencies and the act does not create a private right of action. Notwithstanding the obvious inapplicability of this law to defendants, plaintiff pleads no set of facts indicating that any defendant used any sort of regulated computer matching program within the meaning of the Privacy Protection Act of 1988. Consequently, plaintiff fails to state a claim under this statute.

**Claims under HIPAA.** HIPAA applies to health plans, healthcare clearinghouses, and healthcare providers who transmit health information about an individual in an electronic form in connection with a monetary transaction. *United States v. Mathis,* 377 F.Supp.2d 640, 645 (M.D. Tenn. 2005). None of the defendants listed by

plaintiff are a health plan, a healthcare clearinghouse, or a healthcare provider subject to HIPAA. Furthermore, plaintiff pleads no set of facts indicating that any health information pertaining to him was transmitted by any defendant in an electronic form. Thus, plaintiff fails to allege a cause of action for violation of HIPAA.

**Claims under 28 U.S.C. § 534.** Although plaintiff's complaint does not specifically mention the Hate Crimes Statistics Act, Pub.L. 101-275, 104 Stat. 140 (codified at 28 U.S.C. § 534 (note)), the defendants move to dismiss any of plaintiff's claims under the Hate Crimes Statistics Act. (Docket Entry No. 25). Although plaintiff does generally mention the "Hate Crimes Laws" as a group as providing some cause of action against defendants, plaintiff does not mention this specific section in his complaint and his response to defendants' motion to dismiss seems to indicate he never intended to state a claim under the Hate Crimes Statistics Act. (Docket Entry No. 33). Consequently, this issue is deemed moot.

**Claims under 42 U.S.C. § 3544 (Preventing Fraud and Abuse in Housing and Urban Development Programs).** 42 U.S.C. § 3544(b) states that "[a]s a condition of initial or continuing eligibility for participation in any program of the Department of Housing and Urban Development involving initial and periodic review of an applicant's or participant's income," applicants may be required to consent to requests for income verification; the statute further limits the use of such information by officers and employees of the Department. The statute also provides that no "owner may terminate, deny, suspend, or reduce any benefits of an applicant or participant until such … owner has taken appropriate steps to independently verify information" related to income. 42 U.S.C. § 3544(c)(2)(B). In his complaint, plaintiff does not allege that his housing was

12

terminated based upon information discovered through defendants' income verification. Consequently, plaintiff's claims based on this statute should be dismissed.

### RECOMMENDATION

For the reasons stated above, the undersigned hereby **RECOMMENDS** that defendants' motion be **GRANTED,** and that the portions of the complaint referenced above be **DISMISSED WITH PREJUDICE** with respect to these defendants.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from the receipt of any objections filed to this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied* 474 U.S. 1111 (1986).

ENTERED this the 22nd day of August, 2007.

s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE
