IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ARTHUR BOWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:07-0417 |
| | ) | Judge Campbell/Bryant |
| SKYVIEW APARTMENTS, ET AL. | ) | |

To: The Honorable Todd J. Campbell, Chief Judge

## REPORT AND RECOMMENDATION

**I.**

Currently pending in this civil action is a motion to amend pleadings and case caption to

properly name defendants (Docket Entry No. 39), filed by corporate defendant First Cumberland

Properties, Inc. ("FCP") and its employees, individual defendants Harrell, Chambers and Bryant,

with the declaration of Philip Owen (id. at Exh. A) in support. As grounds for the motion, these

defendants claim that Skyview Apartments is an improperly named defendant, and that the

proper entity to defend the claims against Skyview Apartments is First Cumberland Properties,

Inc. Defendants therefore seek an order allowing the substitution of parties defendant, with FCP

taking the place of Skyview Apartments. Inasmuch as the requested substitution would entail

the dismissal of Skyview Apartments from the lawsuit, the undersigned construes the motion to

amend as a dispositive motion with respect to the claims against that defendant.[1]

---

[1]Defendants cite no rule of procedure allowing for their motion to amend. Fed.R.Civ.P.
25 provides for "Substitution of Parties," but only upon the death or incompetency of the party
for whom the substitution is requested, a transfer of interest, or a defendant public official's
separation from the office being sued. Fed.R.Civ.P. 15 contemplates the amendment of a

1

## II.

Plaintiff, proceeding *pro se*, has made several filings on the subject of the substitution sought here. In the first, captioned a "motion to clarify 'improperly' named defendant" (Docket Entry No. 21), plaintiff states that he "was of the mistaken notions that SKYVIEW APARTMENTS, had become a limited partnership with parties invested in the property," and proceeds to note that FCP had never before been held out as the owner of Skyview Apartments. (Id. at 1-2) Plaintiff concludes this filing by expressing his willingness to amend his complaint and summons to correctly identify the entity responsible for operating the apartments. (Id. at 3-4) However, plaintiff reversed course on this issue in a subsequent filing (Docket Entry No. 28), attached to which is a letter to FCP's counsel declining to join in the motion to amend. Thereafter, plaintiff alleged in a letter to the Court that the defense was essentially engaging in a shell game with the two entities (Docket Entry No. 35). Since being alerted to FCP's stake in these proceedings, plaintiff has listed FCP as a defendant in the caption of his pleadings, in addition to Skyview Apartments (e.g., Docket Entry No. 15). He has also questioned the extent to which an agency relationship existed between defendant Valerie Waters-Smith, Skyview Apartments and its manager, defendant Harrell, and FCP. (Docket Entry No. 16)

Plaintiff's complaint names only Skyview Apartments as the entity responsible for his wrongful eviction, and contains allegations of wrongdoing related to correspondence received from Mr. Wesley Hall, III, the attorney who represented Skyview Apartments in the debt

---

litigant's *own* pleadings in the event of "mistake concerning the identity of the proper party," Rule 15(c)(3), but the instant motion to amend all references in the record to Skyview Apartments so as to substitute FCP as the "proper party" is apparently reliant upon the inherent discretion of the Court to effect such a change.

2

collection and eviction proceedings against plaintiff.[2]  In response to that complaint, defense

counsel first entered their appearance for FCP as the purported owner of Skyview Apartments

(Docket Entry No. 11 at 1 & n.1), and reiterated that allegation of ownership in their corporate

disclosure statement also naming FCP as an entity "doing business as Skyview Apartments"

(Docket Entry No. 12 & n.1).  In their answer to the complaint, FCP and its employees again

allege that FCP is the owner of Skyview Apartments, while also stating that the apartments are

operated by FCP (Docket Entry No. 26 at 1 & n.1).

However, in support of their motion to amend the pleadings and case caption, FCP's

declarant, Mr. Phillip Owen, testified as follows:

1.     I am the president and registered agent of First Cumberland Properties, Inc., a
       corporation organized under the laws of the State of Tennessee.

2.     Skyview Apartments' property and buildings are owned by Skyview Apartments, LP.
       Skyview Apartments, LP does not operate or manage Skyview Apartments and is not the
       employer of the employees that operate or manage the property.  Skyview Apartments,
       LP is owned in part by Skyview Apartments, GP, LLC, of which I am a member.

3.     First Cumberland Properties, Inc. operates and manages Skyview Apartments and is the
       employer of the employee defendants named in this action who worked at Skyview
       Apartments:  Margaret "Maggie" Harrell, Sarah Chambers, and Jimmy Bryant. ...

(Docket Entry No. 39, Exh. A at 1)

Thus, it now appears that plaintiff was correct in his reference to Skyview Apartments as

a limited partnership that owns the apartment complex.  No explanation is offered in FCP's

papers for its ambiguous assertions of ownership earlier in these proceedings.  If "Skyview

---

[2]Plaintiff later submitted documents which appear to reflect the prosecution and eventual
resolution of a case in General Sessions Court, wherein Skyview Apartments (as plaintiff), by
and through Attorney Hall, sought to terminate Mr. Bowman's tenancy.  (Docket Entry No. 41 at
18-23, 30-31)

Apartments" was merely a name under which FCP did business, the undersigned would agree

that it is not properly named as a defendant apart from FCP. However, it appears at this point

and upon this motion that Skyview Apartments, LP is the owner of Skyview Apartments and is a

distinct legal entity from FCP, which manages and operates these apartments, presumably

pursuant to a management agreement with the owner. As property owner, a separate business

entity clearly capable of suing and being sued in its own name, and the entity at least ostensibly

sued and served in this case (i.e., Docket Entry No. 1 at 27, referring to "defendants, Maggie

Harrell, Sarah Chambers, and Skyview Apartments, L.P."; Docket Entry No. 21), Skyview

Apartments, LP has failed to raise any legal grounds justifying its dismissal as a defendant, and

the undersigned recommends that this portion of defendants' motion be denied.

As to the motion to amend references to "Maggie" Harrell to reflect Ms. Harrell's given

name of Margaret, there appears to be no dispute as to the propriety of this request.

Accordingly, it is recommended that the motion be granted with respect to future filings

referencing defendant Harrell, though the undersigned would decline to direct the Clerk to

change the case caption, as such captions typically remain as defined on the date the case is filed,

regardless of whether parties are dismissed or change titles along the way.

### III.

Accordingly, the undersigned must **RECOMMEND** that the motion to amend pleadings

and case caption to properly name defendants be **GRANTED** in part and **DENIED** in part.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days

from receipt of this Report and Recommendation within which to file with the District Court any

written objections to the proposed findings and recommendations made herein. Any party

4

opposing shall have ten (10) days from receipt of any objections filed regarding this Report

within which to file a response to said objections. Failure to file specific objections within ten

(10) days of receipt of this Report and Recommendation may constitute a waiver of further

appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, reh'g denied, 474 U.S. 1111

(1986).

ENTERED this 22nd day of August, 2007.

/s John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE