IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ARTHUR L. BOWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:07-0417 |
| | ) | |
| SKYVIEW APARTMENTS, et al., | ) | Judge Campbell/Bryant |
| | ) | **Jury Demand** |
| Defendants. | ) | |

**TO: The Honorable Todd J. Campbell**

### REPORT AND RECOMMENDATION

Pending before the court is defendants' motion for summary judgment (Docket Entry No. 118), which has been referred to the undersigned Magistrate Judge for report and recommendation. (Docket Entry No. 3).

The undersigned previously filed a report and recommendation (Docket Entry No. 137) on defendants' motion, which was rejected by the District Judge because it failed to decide or recommend disposition of other motions that were then pending. (Docket Entry No. 145). The District Judge referred all pending motions back to the Magistrate Judge for decision or recommendation on disposition. (Id.)

Thereafter, the Magistrate Judge decided pending motions related to discovery. (Docket Entry Nos. 149, 150 and 151).

Moreover, since the earlier report and recommendation, plaintiff has filed his "Opposition To Defendants' Motion for Summary Judgment" (Docket Entry No. 139) with exhibits, his "Objections to the Report and Recommendations and Opposition to the Defendants' Summar (sic) Judgment" (Docket Entry No. 140) with

exhibits, "Plaintiff's Response in Opposition to Defendants' Material Undisputed Facts" (Docket Entry No. 141), a filing (Docket Entry No. 142) that includes copies of what appear to be medical records of plaintiff from Nashville General Hospital, and the Declaration of Arthur L. Bowman. (Docket Entry No. 143).

Defendants also filed their reply to plaintiff's objections to the report and recommendation and his opposition to their motion for summary judgment. (Docket Entry No. 148).

The undersigned Magistrate Judge has reviewed and considered all of the above-reference filings in preparation of this report and recommendation.

For the reasons stated below, as well as the reasons stated in the earlier report and recommendation (Docket Entry No. 137), the undersigned Magistrate Judge **RECOMMENDS** that defendants' motion for summary judgment be **GRANTED** and that the complaint be **DISMISSED**.

### STATEMENT OF THE CASE

Plaintiff, proceeding pro se, has filed this action alleging that defendants wrongfully evicted him as a tenant of Skyview Apartments based upon illegal racial and disability discrimination, pursuant to the Fair Housing Act, 42 U.S.C. § 3604. A detailed summary of plaintiff's claims appears in the earlier report and recommendation. (Docket Entry No. 137, pp. 6-23).

Defendants deny that they have discriminated against plaintiff illegally, and assert that they instituted eviction of plaintiff after he was arrested on May 22, 2006, and charged with the assault of another tenant. Defendants also learned that

plaintiff had been arrested and charged with possession of a firearm and a barber's razor while he was a tenant at Skyview Apartments. Defendants assert that they commenced eviction of plaintiff pursuant to a provision in his lease that permits the landlord to terminate the lease agreement for "any criminal activity . . . that threatens the health, safety, or right to peaceful enjoyment of the premises by other tenants."

Plaintiff denies that he committed the assault for which he was arrested, and he claims that the complaining tenant falsely accused him at the instigation of the defendants.

## **Analysis**

The previously filed report and recommendation (Docket Entry No. 137) analyzed defendants' motion for summary judgment based upon the record as of the date of the report and recommendation.

Since then, plaintiff has filed his declaration (Docket Entry No. 143) and his response to defendants' statement of undisputed facts. (Docket Entry No. 141). Plaintiff in his declaration does not challenge the material facts: that he was arrested and charged with assault of another tenant and that he has a criminal record including charges of illegally possessing weapons while a tenant at Skyview Apartments. Nothing in plaintiff's declaration creates a genuine issue for trial on the question of whether defendants' stated reason for commencing eviction proceedings — plaintiff's arrest for assault of another tenant and his prior criminal history — is a pretext for illegal discrimination. Moreover, plaintiff's declaration contains his

3

speculation that his mother's phone line was crossed with that of another tenant and "all calls were recorded." The affidavit further contains frank hearsay, additional speculation and conjecture.

Similarly, plaintiff's response to defendants' statement of undisputed facts (Docket Entry No. 141) admits many of these facts, disputes other statements regarding details that are not material, and relies upon hearsay and plaintiff's speculations.

In order to withstand a motion for summary judgment, the nonmoving party "may not rest on its pleadings, but must come forward with evidence from which a rational trier of fact could find in its favor." Jaclyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 926 (6th Cir. 1999). Mere conclusory allegations and subjective beliefs are not sufficient to defeat a motion for summary judgment. McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). Rather, the nonmoving party bears the burden of producing objective evidence demonstrating the existence of a genuine issue for trial. Noble v. Chrysler Motors Corp., 323 F.3d 997, 999 (6th Cir. 1994). "The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law." Martin v. Ohio Turnpike Comm'n, 968 F.2d 606, 609 (6th Cir. 1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

Affidavit testimony which amounts to a purely subjective opinion that defendants were motivated by racial animus, in the absence of any other reason perceived by the affiant to be valid, is not sufficient to survive summary judgment. See Arendale v.

4

City of Memphis, 519 F.3d 589, 601 (6th Cir. 2008)(citing Lewis v. Philip Morris, Inc., 355 F.3d 515, 533 (6tj Cir.)("In order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy."))

> A party opposing a motion for summary judgment cannot use hearsay or other inadmissible evidence to create a genuine issue of material fact. Weberg v. Franks, 229 F.3d 514, 526 n. 13 (6th Cir. 2000)(disregarding many of the plaintiff's allegations because they were based upon hearsay rather than personal knowledge); Fed.R.Civ.P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.")

Sperle v. Michigan Dept. of Corrections, 297 F.3d 483, 495 (6th Cir. 2002).

From a review of this record, the undersigned Magistrate Judge finds that plaintiff has failed to carry his burden of producing a genuine issue of material fact for trial or the issue of whether defendants' stated reason for evicting him from Skyview Apartments was a pretext for illegal discrimination. The Magistrate Judge further finds that plaintiff's claims are based almost wholly upon his speculation and conjecture.

## RECOMMENDATION

For the reasons stated above, and those stated in the earlier report and recommendation (Docket Entry No. 137), which are

incorporated here by reference, the undersigned Magistrate Judge **RECOMMENDS** that defendants' motion for summary judgment be **GRANTED** and that the complaint be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 11th day of September 2008.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge